IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO A. GARCIA #01052874 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv619 |
| U.S. GOVERNMENT, et al., | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Antonio A. Garcia, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was transferred to this Court for proper venue (Dkt. #10) and referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations**

Plaintiff's original complaint did not include the factual information necessary to support any claim, so the Court ordered Plaintiff to file an amended complaint to "state when, where, how, and by whom his rights have been violated and how he has been harmed by such violations." (Dkt. #11 at 2.)

In his amended complaint, Plaintiff asserts that the federal and state legislatures are generally responsible for the actions of agencies such as the TDCJ. (Dkt. #15 at 4.) He alleges that TDCJ "has altered laws and statutes that are not allowed to be altered" and that "TDCJ has altered policies such as mail that violate establish statutes/law such as the order of the Guadelupe County Dist. Courts judgement/sentence which consist of rules of confinement." (*Id.*) He asserts that

"changing the whole dynamic of the mailroom policy is in violation of the powers of the agency" and results in "denial of freedom of expression in the receiving and distribution of pictures, handwritten letters, cards, drawings from people." (*Id.*) He further asserts that this change in mail policy constitutes a denial of "due process in the changing of the rules of confinement" as they existed at the time of his sentence. (*Id.*)

Plaintiff names as Defendants the "U.S. Government (TX and U.S. legislators)" and the "Dist. Court of Guadalupe County, TX." (Dkt. #15 at 3.) He seeks monetary and injunctive relief. (*Id.* at 5.)

## II. Legal Standards and Preliminary Screening

Because Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his claim is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Plaintiff is proceeding *in forma pauperis*, his claim is also subject to screening under section 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County,*

*Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

3

**III. Discussion and Analysis**

    A.  <u>Due Process Claim</u>

To trigger a due process right, a plaintiff must allege the deprivation of a constitutionally protected liberty interest. *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (citing *Meachum v. Fano*, 427 U.S. 215, 223 (1976)). Prisoners only have a right to due process when they face punishments that constitute "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff does not allege any facts that would satisfy this standard.

Plaintiff seems to claim that any change in TDCJ policy from the policies in place at the time of his sentence triggers a right to due process. That claim is frivolous. *See Madison v. Parker*, 104 F.3d 765, 767–68 (5th Cir. 1997) (changes in conditions or quality of confinement do not implicate due-process concerns). Prison officials are not constrained by the particular policies and regulations in place at the time any particular inmate was sentenced, but are, rather, "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Umondak v. Ginsel*, 426 F. App'x 267, 269 (5th Cir. 2011) (quoting *Block v. Rutherford*, 468 U.S. 576, 585 (1984)).

    B.  <u>First Amendment Claim</u>

Plaintiff does not specifically identify or describe the policy change about which he complains, but he suggests that it impacts his ability to receive pictures and drawings and that it violates his "freedom of expression." (Dkt. #15 at 4.) The Court surmises this to be a challenge to TDCJ's prohibition on the receipt of sexually explicit images, which has been repeatedly upheld in the face of constitutional challenges by other prisoners:

4

> Prison inmates retain those constitutional rights which are not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system. Specifically, prisoners enjoy the protections of the First Amendment except to the extent that prison regulations curtailing those protections are reasonably related to legitimate penological interests. *Prison Legal News v. Livingston*, 683 F.3d 201, 213 (5th Cir. 2012). The Fifth Circuit has held that limitations on sexually explicit materials further legitimate penological interests and thus do not violate the First Amendment. *Stroble* [*v. Livingston*], 538 F. App'x [479] at 480 [(5th Cir. 2013)]. Plaintiff's contention that the amended Board Policy 03.91 violates the First Amendment fails to state a claim upon which relief may be granted.

*Bias v. Texas Dep't of Crim. Just., Corr. Institutions Div.*, No. 6:21CV291, 2023 WL 5734949, at *5 (E.D. Tex. July 24, 2023), *report and recommendation adopted*, No. 6:21-CV-00291, 2023 WL 5723655 (E.D. Tex. Sept. 5, 2023); *see also McCullough v. O'Daniel*, No. 2:21-CV-00176, 2022 WL 3219802, at *8 (S.D. Tex. July 6, 2022), *report and recommendation adopted*, No. 2:21-CV-00176, 2022 WL 3212933 (S.D. Tex. Aug. 8, 2022) ("The Fifth Circuit has found permissible prison policies excluding publications with explicit sexual content, as long as the following guidelines were followed: (1) notification of the decision excluding the publication; (2) a reasonable opportunity to challenge the initial decision; and (3) an ultimate decision rendered by a disinterested party. *Guajardo* [*v. Estelle*], 580 F.3d [748] at 762, n.10 [(5th Cir. 1978)]. Amended BP-03.91 provides inmates like Plaintiff these protections by setting forth procedures for inmates to appeal any decision denying incoming correspondence or publications. BP-03.91 at 10, 14-15.").

Further, despite the Court's explicit instructions to "explain in detail how and when his constitutional rights were allegedly violated . . . [and] explain how he was harmed or injured by those violations" (Dkt. #11 at 2), Plaintiff does not identify any piece of mail or property of which

he has been or expects imminently to be deprived by action of whatever policy he challenges. Accordingly, he fails to allege any violation of his personal constitutional rights.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint is frivolous and fails to state a claim upon which relief can be granted. Because his claims fail as a matter of law regardless of whom he names as defendants, it is unnecessary for the Court to address the lack of involvement and immunity from suit that would warrant dismissal of the named defendants.

Dismissal is appropriate where Plaintiff has already had a chance to cure his deficiencies but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff Johnson's claims be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b) as frivolous and for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Clerk is directed to refuse any further filings by Plaintiff other than clearly labeled objections to this Report bearing the matter number of this action.

So ORDERED and SIGNED this 15th day of February, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE