IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO A. GARCIA, #01052874, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:23-cv-619-JDK-KNM |
| US GOVERNMENT, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Antonio A. Garcia, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Texas. The case was transferred to this Court for proper venue because the policies Plaintiff alleges to be unconstitutional are being applied and affecting him in the Coffield Unit in Anderson County, Texas. Docket No. 9. The case was then referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Due to identified deficiencies in the original complaint, Judge Mitchell ordered an amended complaint, which Plaintiff subsequently filed. Docket Nos. 11, 15. On February 15, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2) as frivolous and for failure to state a claim upon which relief can be granted. Docket No. 19. Plaintiff filed objections. Docket No. 25.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

As Judge Mitchell's Report explains, Plaintiff's allegation that TDCJ unconstitutionally changed a prison mail policy after his plea agreement is frivolous and fails to state a claim under either the Due Process Clause or the First Amendment. Docket No. 19 at 4–6. In pertinent part, Plaintiff's objection simply reiterates his position that rules in place at the time of his sentence, including mail rules, are "part of [his] sentence" and that to change them later constitutes a violation of his plea agreement and of the Constitution. Docket No. 25 at 4–5. But Plaintiff never explains any legal or factual error in Judge Mitchell's conclusion that Plaintiff's claim is frivolous. *See* Docket No. 19 at 4.

Plaintiff also objects to the screening process applied to his lawsuit, asserting that it is unconstitutional to take filing fees from prisoners and still dismiss their lawsuits. Docket No. 25 at 2. But the Prison Litigation Reform Act requires the Court to screen and dismiss any complaint filed by a prisoner who proceeds *in forma pauperis* or sues a governmental entity if the claims are frivolous or fail to state a claim. 28 U.S.C. §§ 1915A(b) and 1915(e)(2); *see also, Jones v. Bock*, 549 U.S. 199,

204 (2007) (explaining that in the PLRA, "Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good"). Requiring prisoners to pay fees for cases subject to screening is not unconstitutional, but simply requires them "to make the same prudential decisions about the merits of their lawsuits that everyone else makes before filing." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). "Since its enactment, a number of circuits have upheld the PLRA against a variety of constitutional challenges." *Murray v. Dosal*, 150 F.3d 814, 817 (8th Cir. 1998). Plaintiff's suggestion that the screening of this lawsuit was somehow per se improper therefore fails.

Plaintiff also argues that the Judge Mitchell's analysis specifically addressed changes to TDCJ's policy regarding pornographic mail, but his complaint more broadly includes some change that has resulted in slower delivery of all mail. Docket No. 25 at 5–7. But Plaintiff does not cite any law establishing a constitutional right to mail delivery within any specific timeframe. And he acknowledges that he previously "did not provide information on when where how etc. [his] const. rights were violated." *Id.* at 6. For the first time, he now identifies a state court filing that he says was rejected as untimely because of his untimely receipt of another ruling. *Id.* While those facts might implicate Plaintiff's First Amendment right to access the courts, he did not raise an access-to-courts claim in his pleadings or mention this incident prior to filing his objection. Therefore, any such claim is not properly before the Court. *See Place v. Thomas*, 61 F. App'x 120, 2003 WL 342287 *1 (5th Cir. 2003) (unpublished) ("Generally, an issue raised for the first time in an objection to a

magistrate judge's report is not properly before the district court and therefore is not cognizable on appeal.").

The remainder of Plaintiff's objections do not pertain to the bases for the recommended dismissal of this action or otherwise persuade the Court that dismissal is not appropriate. For example, his objection to the transfer of this case to this Court is fully refuted by the transferring court's Opinion and Order of Transfer, Docket No. 9, and his curious objection to the use of "common law" in this action is simply unfounded.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 19) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 1915(e)(2)(B).

So **ORDERED** and **SIGNED** this **22nd** day of **March, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE